IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GLENDA ROBINSON,

      Plaintiff,

v.

NANCY A BERRYHILL,
Commissioner of Social Security,

      Defendant.

CASE NO. 3:16-CV-165-MSH
Social Security Appeal

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's applications for disability insurance benefits and Supplemental Security income finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Glenda Lee Robinson filed applications for disability insurance benefits and supplemental security income on January 29, 2013, alleging she became disabled to work on April 13, 2012. Tr. 61. Her applications were initially denied on June 13, 2013, and on reconsideration on October 15, 2013. *Id*. Plaintiff requested an evidentiary hearing before an administrative law judge (ALJ) on December 10, 2013. *Id*. A hearing was held on April 24, 2015. *Id*. Plaintiff appeared with her attorney and testified, as did an impartial vocational expert (VE). *Id*. On June 17, 2015, the ALJ issued an unfavorable decision denying Plaintiff's claims. Tr. 58-76. Plaintiff sought review by the Appeals Council on August 17, 2015, but was denied on October 14, 2016. Tr. 48-50, 1-9. Having exhausted the administrative remedies available under the Social Security Act, Plaintiff brings this action for judicial review of the Commissioner's final decision denying her benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was forty-six years old on the date she alleges she became disabled. She has a high school education and past relevant work as a home health aide and warehouse worker. Tr. 230, 107, 275-276. The ALJ conducted the five-step sequential analysis set forth in the Commissioner's regulations to evaluate Plaintiff's disability claims. He found Plaintiff to have the severe impairments of hypertension, headaches, endometriosis, mood disorder, chronic back pain, and anemia. 20 C.F.R. §§ 404.1520(c), 416.920(c); Finding 3, Tr. 63. The ALJ also determined that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 64-65. Between steps three and

4

four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in a restricted range of light work. The RFC included exertional, postural and environmental restrictions, and limited Plaintiff to "simple routine repetitive tasks involving no more than simple, short instructions and simple work-related decisions." Finding 5, Tr. 66-69. At step four, the ALJ determined that this RFC would not permit Plaintiff to return to her past relevant work. 20 C.F.R. §§ 404.1565, 416.965; Finding 6, Tr. 69. He proceeded to step five and elicited testimony from the VE who stated that an individual with Plaintiff's limited RFC could work as an apparel stock checker, return goods sorter, and dealer accounts investigator. Finding 10, Tr. 70. The ALJ therefore found Plaintiff to be not disabled to work. Finding 11, Tr. 70-71.

## DISCUSSION

In her brief before the Court, Plaintiff asserts two errors. First, she argues that the ALJ erred in giving greater weight to the opinion of a non-examining physician than Plaintiff's treating physician. Pl.'s Br. 8. Her second argument is that the ALJ's finding that there are other jobs she can perform within her RFC is not supported by substantial evidence. *Id*. at 15. The Court determines that her second claim of error has merit and necessitates remand.

The ALJ assessed Plaintiff to have an RFC which permits her to engage in a restricted range of light work. In addition to the exertional, postural, and environmental limitations he also limited Plaintiff to simple, routine tasks that require only "short, simple instructions." Tr. 66. Because the ALJ found at step four that Plaintiff is precluded from any past relevant work with this restricted RFC, the Commissioner has a limited burden at

5

step five to establish that jobs she can perform exist and are available to Plaintiff in the national economy. *Jones v. Apfel,* 190 F.3d 1224, 1229-1230 (11th Cir. 1999). The ALJ must "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002).

Here, the VE identified three jobs Plaintiff can perform—apparel stock checker, return goods sorter, and dealer account investigator. Finding 10, Tr. 70. However, Plaintiff correctly points out in her brief that the Dictionary of Occupational Titles (DOT) describes these jobs as requiring reasoning skills well-beyond "short, simple instructions." According to the DOT an apparel stock checker must be able to carry out detailed written and oral instructions. U.S. Dep't. of Labor, Dictionary of Occupational Titles § 299.667-014 (1991). A returned goods sorter is also required to have sufficient reasoning skills to carry out detailed written and oral instructions. *Id.* at § 922.687-086. The DOT provides that a dealer accounts investigator must have the ability to interpret a variety of instructions in written, oral, diagrammatic, and scheduled formats. *Id.* at § 241.367-038. Thus, all three jobs found to be available to plaintiff clearly require comprehension levels in excess of that required to follow short, simple instructions. Under the Commissioner's regulations, the ALJ has a duty to resolve a conflict between a VE's testimony and the DOT and explain on the record how he resolved it—irrespective of how the conflict is identified. SSR 00-04p.

The ALJ did not meet that regulatory requirement here. Therefore, remand is required. The Court does not address Plaintiff's first enumeration of error. On remand the

Commissioner may address it as necessary. This case is hereby remanded for further administrative proceedings.

SO ORDERED, this 5th day of December, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE